## FOURTH DEPARTMENT, JUNE, 1968

## (June 24, 1968)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS R. LA CONGO, Appellant.— Judgment reversed on the law and facts and a new trial granted. Memorandum: The defendant was indicted for burglary third degree and petit larceny. Following trial before the court the defendant having waived a trial by jury, he was convicted of unlawful entry and petit larceny and as a 19-year-old sentenced to the Elmira Reception Center until discharged by law. A preliminary hearing to determine the voluntariness of certain oral admissions of the defendant was held on a motion to suppress prior to trial but the court's determination of the motion denying suppression was not made until after several witnesses were sworn on the trial and subsequent to defendant's waiver of a jury trial. At the hearing which was held subsequent to *Miranda* v. *Arizona* (384 U. S. 436) the defendant denied that at the time he was arrested and questioned, which occurrence antedated *Miranda,* he was given any of the warnings required by that decision. The officers who had him in custody and questioned him went no further than to testify that he was told he did not have to say anything, that he could have a lawyer, and when he said he could not afford a lawyer and his parents were poor that the Judge would probably assign an attorney for him. At the trial one of the officers did go further and testify that the defendant was told anything he said could be used against him, he did not have to say anything, he could have a lawyer, and the court would appoint an attorney for him to handle his case. He was not told however when such an attorney would be assinged nor does it appear he was told one would be appointed for him prior to any questioning if he so desired. Under all the circumstances as testified to by the police as well as the defendant it would appear that the safeguards mandated by *Miranda* (*supra*), were not provided and that the in-custody interrogation of the defendant contained, as characterized in *Miranda,* "Inherently compelling pressures which work to undermine the individual's will to resist and compel him to speak where he would not otherwise do so freely." The weakness of the other evidence presented by the People on the trial is demonstrated by the failure of any of the three occupants of the premises burglarized who were at the scene when the burglary was interrupted to identify the defendant as the perpetrator. One of them identified the intruder as another individual she knew from a past acquaintance. The second witness who knew the defendant personally testified she did not believe it was he and the third could not say whether it was he or not. The identification of the two buttons found in the home burglarized as being similar to buttons missing from defendant's jacket loses considerable significance in view of defendant's past association with a member of the household. Not only does the failure of the court to suppress defendant's statements on motion made prior to trial constitute reversible error but it was also error for the court to withhold determination of the motion until after several witnesses were called by the People on the trial. Section 813-h of the Code of Criminal Procedure provides that: "The trial shall not be commenced until the motion has been determined", and the failure of the court to make a timely determination of the motion as required by the statute may well have affected defendant's waiver of his right to a trial by jury at the opening of the trial. All concur, Williams, P. J., in result only. (Appeal from judgment of Erie County Court without a jury, convicting defendant of unlawful entry, and petit larceny.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.