■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS LEE BRANNAKA, Appellant.— Appeal from a judgment of the County Court of Chemung County, rendered May 9, 1973, upon a verdict convicting defendant of two counts of criminally selling a dangerous drug in the fourth degree and two counts of criminal possession of a dangerous drug in the fifth degree. Defendant, after a trial, was convicted of several related drug charges. The chief proof against him consisted of the testimony of an informer and a tape recording of two alleged phone conversations between him and the informer. Also received in evidence was a marked $10 bill taken from defendant at the time of his arrest and allegedly a part of the " buy " money. Defendant raises several issues on this appeal. He first contends that the People failed to prove guilt beyond a reasonable doubt. This contention lacks merit. The informer testified to two separate purchases of drugs (orange tablets) from defendant. He also identified defendant's voice as the other person involved in the taped phone conversations which preceded both drug purchases. This proof, coupled with the marked $10 bill and the orange tablets which were identified by a chemist as being LSD, was sufficient, if believed by the jury, to justify the guilty verdict. Defendant also asserts that he was denied a fair trial because no one investigated one McCann's involvement in one of the drug sales. The informer testified that McCann was present at one of the drug purchases. McCann phoned defense counsel and the District Attorney during the trial stating that he had knowledge of the case. There was a conflict as to just what the testimony of this individual would have been. The defense declined to call him as a witness and the District Attorney contended that since McCann refused to divulge any information unless he was given immunity, he was not required to investigate further or call him as a witness, under the circumstances. There was no obligation on the part of the defense attorney, the District Attorney or the trial court to call McCann as a witness or to cause a further investigation. (See *People v. Stridiron,* 33 N Y 2d 287.) It is next urged by defendant that the court erred in not granting him a proper suppression hearing. Specifically, he contends it was error for the court not to suspend trial and grant defendant an adjournment for the purpose of conducting a suppression hearing on the question of the admissibility of the taped conversations and the $10 bill. The record reveals that defendant timely requested such a hearing when he learned of the profferred evidence during the trial. As to the recording of the telephone conversations, it is clear from a reading of the testimony of the informer and the investigator, that the informer consented to the recording of his phone conversations. Consequently, the conversations were not within the purview of CPL article 700 or article 250 of the Penal Law. The recording of defendant's conversations did not violate his constitutional rights. (*People v. Gibson,* 23 N Y 2d 618; *People v. Mitchell,* 40 A D 2d 117.) The trial court should normally have held a suppression hearing to determine the consent of the informer to the recording of his conversations. Here, the court permitted proof to be taken at the trial itself and determined out of the presence of the jury that the recorded telephone conversations were admissible. On the record, this procedure was permissible. (*People v. Ganci,* 27 N Y 2d 418; *People v. Gaddy,* 42 A D 2d 735.) As to the suppression of the $10 bill, the arresting officer testified to the facts and circumstances surrounding its acquisition and defendant had a full opportunity to cross-examine the witness. Consequently, we arrive at a similar conclusion. We have examined all of the other issues raised by defendant and find them unpersuasive. Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.