■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD PETER SMITH, Appellant.—Judgment, insofar as it imposes sentence, unanimously modified, as a matter of discretion in the interest of justice, to impose a minimum term of four years and a maximum term of 15 years on the first count, and unanimously modified, on the law, to impose a minimum term of 2⅓ years on the second count, and otherwise, judgment affirmed. Memorandum: Defendant contends that it was error for the court to admit into evidence taped conversations between himself and an undercover Federal agent. He attempts to equate conversations recorded by means of a monitoring device worn by the Federal agent to conversations intercepted pursuant to an eavesdropping warrant which are required to be sealed. (CPL 700.50, subd 2.) The type of monitored conversation involved here, in which one of the parties has consented to the overhearing of the conversation by persons not present, has been held not to violate the right of privacy protected by the Fourth Amendment *(On Lee v United States,* 343 US 747; *People v Gibson,* 23 NY2d 618; *People v Brannaka,* 46 AD2d 929). Nor are the tapes of these conversations required to be sealed as they are not within the purview of CPL article 700. *People v Sher* (38 NY2d 600) and *People v Nicoletti* (34 NY2d 249), cited by appellant are, therefore, inapposite. It is clear on this record that the People established the chain of custody and that the tapes were not tampered with or altered, nor does defendant make any allegation to the contrary. The taped conversations were therefore properly admitted. Defendant also cites as error the admission of testimony by the Federal agent, Rosell, in rebuttal to statements made by a defense witness on the ground that such testimony was inadmissible as hearsay. The defense witness Scull, who had arranged the meeting between defendant and Rosell in the hope of gaining favorable disposition of charges pending against him, testified that he had informed defendant prior to the initial meeting with Rosell that Rosell was a Federal agent. When recalled in rebuttal, Rosell testified that Scull had told him on the day after the incidents underlying the indictment, that Scull had just that day informed defendant of Rosell's true identity. This testimony was admitted over defense objection on the ground of hearsay with a cautionary instruction to the jury that it was to be considered only with respect to the credibility of the witness Scull. Hearsay evidence is admissible for purposes of impeachment, if, as here, it is accompanied by appropriate limiting instructions, but first a proper foundation must be laid (Richardson, Evidence [10th ed], § 203; Wigmore, Evidence, §§ 1789, 1790). "A witness cannot be impeached by statements alleged to have been made by him before or after he has testified until he has been adequately warned by the cross-examination that those statements will be later offered against him and thus he or the party calling him be enabled to correct the testimony given or prepare a denial or an explanation of the statements" *(Larkin v Nassau Elec. R. R. Co.,* 205 NY 267, 269; see, also, *People v Buffington,* 29 AD2d 229, 231). No foundation was laid for introducing the prior inconsistent statement here, so that its admission constituted error. We conclude, however, that proof of defendant's guilt was so overwhelming that the error was harmless *(People v Crimmins,* 36 NY2d 230, 242). As his final ground for appeal, defendant urges that his sentence was excessive. On his conviction of criminal possession of a dangerous weapon in the first degree, a class B felony, defendant was

sentenced to an indefinite term not to exceed 25 years; with a minimum term of five years. The record shows that defendant has no prior criminal record. We deem this sentence excessive and reduce it to a minimum term of four years and a maximum of 15 years. With respect to the sentence on the second count, criminal solicitation in the first degree, a class D felony, the minimum sentence of two and one-half years imposed by the court exceeds one third of the maximum sentence of seven years imposed by the court. It is therefore beyond the statutory limitation set forth in section 70.00 (subd 3, par [b]) of the Penal Law. (Appeal from judgment of Niagara County Court—criminal possession dangerous weapon, first degree, etc.) Present—Moule, J. P., Cardamone, Hancock, Denman and Witmer, JJ.