■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FOX, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered May 29, 1984, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On April 4, 1983, the defendant, who had been involved in an altercation with the victim, James Garden, caused the death of the latter by stabbing him twice. Upon arriving at the scene, the police began by canvassing the apartment building in search of witnesses. After interviewing several people, including the decedent's nephew, who was an eyewitness, the detectives proceeded to the apartment where the defendant resided with his wife and her son by the decedent. As the detective entered the apartment, the defendant, with-

out any provocation and before any questions were asked, revealed that he had just been fighting with the decedent but said that he had not stabbed him. In view of the commotion prevailing at the scene, it was suggested that the defendant and his wife accompany the detectives to the station house. The defendant, eager to present the police with his version of the incident, voluntarily agreed to accompany them.

At the station house, the defendant waived his *Miranda* rights and proffered a detailed statement concerning his altercation with the decedent. At that time, the defendant admitted that he had, at some point during the argument, returned to his apartment and procured a knife. He then went back into the lobby where the fight started anew. At one point, the defendant opened his knife and left it off to the side. The decedent then came at him whereupon the defendant hit him. The defendant claimed that he did not realize that he had stabbed the decedent until the latter fell bleeding to the floor. The defendant repeated his story and the police recorded it in writing. He was thereafter videotaped while reiterating his statements to an Assistant District Attorney.

After a hearing on that branch of the defendant's omnibus motion which was to suppress the aforesaid statements, the court ruled that the statement made to the police at the precinct and the videotape were admissible, but reserved decision with regard to the defendant's earlier statement made while still in his apartment. The trial thus proceeded without a ruling on the admissibility of the defendant's first statement. The prosecutor nevertheless elicited that statement from a police witness at trial without objection by defense counsel. On cross-examination, defense counsel repeated the defendant's statement in formulating a question for the witness.

After trial, but prior to sentencing, the court issued a written decision ordering the suppression of the statement made by the defendant made while he was still in his apartment on the ground that it was obtained without *Miranda* warnings having been given. The defendant argues on appeal that he was denied a fair trial when said statement was admitted into evidence. His contention is without merit.

Although it constitutes error to commence a trial prior to the determination of a pretrial motion to suppress *(see,* CPL 710.40 [3]; *People v La Congo,* 30 AD2d 757), such error does not, under these particular circumstances, warrant reversal. On this record, evidence of the defendant's guilt was overwhelming *(see, People v Crimmins,* 36 NY2d 230). Moreover,

defense counsel himself conceded that the subject statement was spontaneous and not the result of a custodial interrogation. The record clearly established that the defendant's statement was a "blurted out admission * * * which [was] in effect forced upon the officer" *(People v Grimaldi,* 52 NY2d 611, 617). In any event, the statement was brief and exculpatory in nature and any potential prejudicial impact was minimal. When viewed in the light of the defendant's subsequent statements, the detailed narrative of which carried the authoritative ring of more precise and unhurried deliberation *(see, People v Schaeffer,* 56 NY2d 448, 456), the admission into evidence of the defendant's first statement was harmless *(see, People v Crimmins,* 36 NY2d 230, 237, *supra).*

Nor did the court's statements that the People's nine-year-old witness was competent to testify amount to improper bolstering. The statement was made subsequent to the witness's testimony for the purpose of apprising the jurors that a question of law regarding competence had been discussed and that the court, after questioning the witness, had determined him to be qualified to testify. In the course of its charge, the court specifically apprised the jurors that they alone were to evaluate the witness's credibility and assign weight to his testimony.

We have considered the defendant's remaining contention and find it to be without merit. Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur.