■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSWALDO MELENDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered March 21, 1984, convicting him of murder in the second degree and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

It was charged by the prosecution in this case that on or about June 20, 1983, the defendant, while visiting Frank Gonzalez in his apartment, stabbed Mr. Gonzalez at least one dozen times causing his death and that thereafter, the defendant returned to the victim's apartment with two friends and, while the defendant remained in the car, his friends stole a television and cash from the apartment. About one week after the murder, the victim's body was discovered by a police officer.

The defendant made a pretrial motion, *inter alia,* to suppress certain statements and a *Huntley* hearing was conducted. A detective testified at the hearing that an investigation revealed that the defendant's name appeared among the victim's papers and in the visitor's log book located in the apartment lobby. The defendant's brother was interviewed and provided pedigree information on the defendant and, according to the hearing testimony, a detective asked the defendant to voluntarily accompany him to the precinct. Upon the defendant's giving inconsistent pedigree information, *Miranda* warnings were administered to him and the defendant then made an exculpatory statement to the effect that "Poncho" had killed the victim. According to the hearing testimony, Roberto Santana, also known as Poncho, was then interviewed and inculpated the defendant on both the murder and the burglary charges. After again being read his *Miranda* rights, the defendant admitted that he had stabbed the victim. The defendant then made a videotaped statement to an Assistant District Attorney, after *Miranda* warnings were again administered, inculpating himself with respect to the murder and burglary.

During the hearing, jury selection was conducted and, at the conclusion of the hearing, the trial was commenced without a ruling as to. the admissibility of the defendant's statements. During the trial, all of the statements were admitted into evidence without objection by defense counsel. In the middle of the trial, the trial court ruled that the statements were voluntary. The defendant does not contest the court's finding of voluntariness and, in any event, we find no reason in the record to disturb the ruling *(see,* CPL 470.05 [2]; *see also, People v Delgado,* 118 AD2d 580, 581, *lv denied* 67 NY2d 1052). The defendant does contend on appeal, however, that the court's failure to make such ruling prior to the commencement of the trial constituted error *(see,* CPL 710.40 [3]; *People v Fox,* 119 AD2d 690, 691, *lv denied* 68 NY2d 668).

We note that no objection or claim of actual prejudice was ever raised by the defendant in the court of first instance and, therefore, this issue was not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, the defendant voluntarily proceeded to the voir dire of the jury and to trial. The defendant thereby impliedly consented to the irregular procedure. Indeed, no objection of any kind was ever raised as to the admission of these statements into evidence *(cf., People v Lloyd,* 141 AD2d 671; *People v Fox, supra,* at 691).

Finally, we decline to reduce the sentence in the interests of justice *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.