■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAZEL ORKABI, Appellant.—Judgment of the Supreme Court, New York County (Robert Haft, J.), rendered on June 30, 1987, convicting defendant, following a jury trial, of assault in the first degree and sentencing him to an indeterminate term of imprisonment of from 6 to 12 years, is unanimously affirmed.

Defendant was convicted of an unprovoked assault on a

woman who happened to walk past him. After making a menacing remark to her, he smashed his wine bottle and began to follow her. He caught up with her, cutting her twice in the face. Two passersby, who never lost sight of defendant, tailed him until he was arrested. One of these people witnessed the assault, while the other observed defendant walking with the bottle and heard glass breaking when defendant swung his arm.

We find no merit to defendant's unpreserved claim that the court should have ruled on his motion to suppress prior to the selection of the jury. In that regard, he argues that his counsel never had the opportunity to question prospective jurors concerning the complainant's testimony or the showup. However, that contention was not advanced at the trial. Moreover, the requirement that suppression motions be determined before trial (CPL 710.40 [3]) is not inviolate, and the record herein shows that defense counsel consented to the court's proposal to proceed with jury selection. We also deem unpersuasive defendant's assertion that a new trial is mandated because the jury heard the complainant testify about the showup, which the court, in a reversal of its initial determination, ruled was suggestive. Defendant was granted all of the relief which he requested; the court struck the testimony and instructed the jury not to consider the evidence of the hospital showup. Defendant did not then urge, as he does now on appeal, that the impact of any error could not be eliminated or mitigated. Accordingly, defendant's claim that the court's remedial action was ineffective has not been preserved. We do agree, however, that the hospital showup was unnecessarily suggestive *(see, People v Adams,* 53 NY2d 241). We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas, Kassal and Smith, JJ.