■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD JACKSON, Appellant. [634 NYS2d 327] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that Supreme Court erred in denying his motion to suppress property seized from him during his detention by police officers. The record reveals that the actions of the police in stopping defendant and conducting a pat-down frisk were supported by a reasonable suspicion that criminal activity was at hand *(see, People v Martinez,* 80 NY2d 444,

448). Because the police were justified in requesting that defendant set down the hammer and case he was carrying, the court properly concluded that defendant intentionally abandoned that property when he fled from the lawful police detention *(see, People v Marrero, 173 AD2d 244, 245, lv dismissed 78 NY2d 969).*

The court erred in failing to determine the suppression motion prior to the commencement of trial *(see, CPL 710.40 [3]).* However, because the evidence of guilt was overwhelming and there was no prejudice to defendant's substantial rights, reversal is not required *(see, People v Gaddy, 42 AD2d 735, 736; see also, People v Brannaka, 46 AD2d 929).* Additionally, defendant expressly consented to the deviation from CPL 710.40 (3) *(see, People v Melendez, 141 AD2d 860, 861, lv denied 73 NY2d 788; cf., People v Blowe, 130 AD2d 668).*

Finally, there is no merit to the contention that defendant was denied effective assistance of counsel. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation *(see, People v Baldi, 54 NY2d 137).* (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.