■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HART, Appellant. [643 NYS2d 864] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention of defendant that he was deprived of effective assistance of counsel. The evidence, the law, and the circumstances of this case reveal that defendant was provided meaningful representation (see, People v Satterfield, 66 NY2d 796, 798-799). Defendant further contends that County Court erred by admitting into evidence testimony concerning the fair market value of the stolen all-terrain vehicle (ATV) on the ground that the witness had never personally inspected the ATV. We disagree. The witness testified that he has bought and sold such vehicles for 28 years and that he consulted the blue book in reaching his conclusion. Thus, we conclude that the testimony of the witness had a sufficient factual basis and was not improperly admitted (see, People v Cronin, 60 NY2d 430). We further conclude that the proof is sufficient to establish that the value of the vehicle was in excess of $1,700. The witness who had not inspected the ATV concluded that it would have a value of at least $1,700 even if it were in "very bad shape", not including accessories that had been added to the vehicle. Another witness testified that the vehicle was in "very good shape".

Defendant's sentence is neither unduly harsh nor severe. We have examined the remaining contentions raised in defendant's pro se supplemental brief and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Burglary, 3rd Degree.) Present—Green, J. P., Fallon, Wesley, Davis and Boehm, JJ.