■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZIAD YOUSEF, Also Known as ZYAD KISBECH, Appellant. [654 NYS2d 82] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a bench trial of murder in the second degree and assault in the

first degree. We reject the contention of defendant that reversal is required because County Court failed to rule upon his suppression motion before trial. Although, as a general rule, suppression issues should be decided prior to trial (*see*, CPL 710.40 [3]), the court may deviate from that procedure where, as here, defendant consents thereto (*see, People v Orkabi*, 160 AD2d 644, 645, *lv denied* 76 NY2d 895; *see also, People v Melendez*, 141 AD2d 860, *lv denied* 73 NY2d 788). We also reject the related contention that defendant was deprived of a fair trial because he was not present in chambers when counsel discussed combining the suppression hearing with the trial. The participation of defendant in that discussion was not required because it concerned "only questions of law or procedure" (*People v Rodriguez*, 85 NY2d 586, 591), not factual matters about which he might have peculiar knowledge (*cf., People v Dokes*, 79 NY2d 656, 660).

The record establishes that defendant voluntarily, knowingly and intelligently waived his right to a trial by jury (*see*, CPL 320.10 [2]; *People v Livingston*, 184 AD2d 529, 530). The court informed defendant of the nature and consequences of waiving his right to a jury trial, and defendant, who executed a written waiver, indicated that he understood his options and wished to proceed with a bench trial. To the extent that defendant contends that his decision to waive his right to a jury trial was based on inadequate advice from counsel, the contention rests on proof outside the record and must therefore be raised by a motion pursuant to CPL 440.10 (*see, People v Tamarez*, 213 AD2d 261, 262, *lv denied* 85 NY2d 981).

We further conclude that defendant was not deprived of effective assistance of counsel at trial. The evidence, the law and the circumstances of this case establish that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 146-147; *People v Hart*, 227 AD2d 916). Defendant's remaining contention is unpreserved for our review (*see*, CPL 470.05 [2]), and we decline to exercise our power to reach it as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Maloy, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.