■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS B. FISH, Appellant. [661 NYS2d 151] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of sodomy in the first degree and one count of endangering the welfare of a child. We reject the contention of defendant that reversal is required because the jury may have convicted him based on evidence of uncharged acts of sodomy (*cf., People v McNab*, 167 AD2d 858). The indictment alleged that defendant sodomized the nine-year-old complainant between December 1 and 25, 1994 and then again on or about March 3, 1995. The indictment further alleged that, between December 1, 1994 and March 3, 1995, defendant endangered the welfare of a child by knowingly acting in a manner likely to be injurious to the complainant's physical, mental or moral welfare. In their bill of particulars, the People identified the specific location where each charged act of sodomy allegedly occurred. The bill of particulars further alleged that the charge of endangering the welfare of a child encompassed not only the two charged acts of sodomy, but also 20 or more acts of sodomy that occurred between December 1, 1994 and March 3, 1995. Evidence of the uncharged acts of sodomy was admitted without objection at trial. Under the circumstances, the indictment was not duplicitous and defendant was not deprived of fair notice of what the People intended to prove at trial (*see, People v Grega*, 72 NY2d 489, 496).

We further conclude that Supreme Court did not err in denying the request of defendant, made at the close of the People's proof, for removal of his assigned counsel (*see, People v Medina*, 44 NY2d 199, 207-208). The evidence, the law and the circumstances of this case establish that defendant received meaningful representation (*see, People v Satterfield*, 66 NY2d 796, 798-799; *People v Hart*, 227 AD2d 916).

Finally, upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Sodomy, 1st Degree.) Present—Pine, J. P., Callahan, Doerr, Balio and Boehm, JJ.