THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURA OLDS, Appellant. [704 NYS2d 423] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that reversal is required because County Court failed to rule on her pretrial suppression motion before proceeding to trial, as required by CPL 710.40 (3). Defendant moved to suppress evidence obtained pursuant to a search warrant on the grounds that the warrant lacked specificity and the informant was not reliable. The court determined that the warrant was sufficiently specific and directed the prosecutor to turn over the documents relevant to the informant's reliability. Although offered the opportunity to do so, defendant made no further arguments or motions with respect to the informant's reliability after reviewing those documents and thus failed to preserve for our review her contention concerning the failure to comply with CPL 710.40 (3) (*see,* CPL 470.05 [2]; *People v Melendez,* 141 AD2d 860, 861, *lv denied* 73 NY2d 788; *see also, People v Orkabi,* 160 AD2d 644, 645, *lv denied* 76 NY2d 895). In any event, by proceeding with the trial without objection, defendant impliedly waived any objection to the failure to comply with CPL 710.40 (3) (*see, People v Ramirez,* 229 AD2d 452, *lv denied* 88 NY2d 1023; *People v Correa,* 200 AD2d 415, 416, *lv denied* 83 NY2d 850; *People v Melendez, supra,* at 861).

Defendant failed to preserve for our review her further

contention that the search warrant was not issued upon probable cause because the police did not corroborate the information provided by the confidential informant (*see,* CPL 470.05 [2]; *People v Cusumano,* 108 AD2d 752, 752-753). In any event, because the hearsay portions of the investigator's affidavit satisfied the *Aguilar-Spinelli* test (*see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410), there was no need for independent observations made by the police (*cf., People v LaDuke,* 206 AD2d 859, 859-860). (Appeal from Judgment of Erie County Court, Drury, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Balio, JJ.