■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TOELLNER, Appellant. [750 NYS2d 646] —Appeal by the defendant from a judgment of the County Court, Westchester County (Smith, J.), rendered September 15, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises out of the June 1997 beating death of Daniel McLaughlin. A few days after the homicide, police officers executed search warrants for the interior and exterior of the defendant's residence, and recovered items that had belonged to McLaughlin. The defendant contends that the written application for the original warrant to search the inside of his residence was not sworn to by the applicant. He also contends that an oral application to amend the search warrant, made less than three hours later, to include the defendant's carport, did not comply with the requirements of the Criminal Procedure Law for telephone applications.

The defendant's current challenges to the search warrants are unpreserved for appellate review inasmuch as he failed to controvert the warrants on these grounds at the trial court level (*see* CPL 470.05 [2]; *People v Olds,* 269 AD2d 849, 850; *People v Brinson,* 177 AD2d 1019, 1020). In any event, the defendant's contentions are without merit. The record indicates that the warrant applications were "subscribed and sworn to before" the issuing Judge by the detective who executed the warrants (*see People v Sullivan,* 56 NY2d 378; *People v Crandall,* 108 AD2d 413, *affd* 69 NY2d 459). The record further indicates that there was substantial compliance with the requirements of the Criminal Procedure Law for oral search warrant applications (*see* CPL 690.36, 690.40; *People v Tambe,* 71 NY2d 492; *People v Brown,* 40 NY2d 183).

The defendant's contention that he was denied the effective assistance of counsel because his attorney failed to controvert

the search warrants is also without merit. Taking into consideration the totality of the evidence, the law, and the circumstances of the case, it is evident that trial counsel provided meaningful representation (*see People v Benevento,* 91 NY2d 708). Counsel's failure to challenge the warrants can be explained as a legitimate trial strategy consistent with the defendant's alibi defense (*see People v Sullivan,* 153 AD2d 223), and counsel's assessment of the viability and necessity of the challenge (*see People v Turcotte,* 252 AD2d 818, 819-820). Moreover, given the other evidence presented at trial, it cannot be said that counsel's failure prejudiced the defendant, or that the outcome of the trial would have been different, but for the alleged failures.

The defendant's remaining contentions are without merit. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.