THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL WALKER, Appellant. [790 NYS2d 879]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered February 4, 2003, convicting him of reckless endangerment in the first degree, resisting arrest, reckless driving, and violation of Vehicle and Traffic Law § 1127 (a), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that his rights were violated when the court conducted a joint suppression hearing and nonjury trial is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Correa,* 200 AD2d 415, 416 [1994]; *People v Melendez,* 141 AD2d 860, 861 [1988]). Moreover, as the defendant consented to the procedure which resulted in the suppression of his challenged statement to the police, he cannot now be heard

to complain about it (*see People v Hanson*, 256 AD2d 74 [1998]; *People v Yousef*, 236 AD2d 868, 868-869 [1997]; *People v Ramirez*, 229 AD2d 452 [1996]; *People v Jackson*, 221 AD2d 964 [1995]; *People v Melendez, supra*).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.