■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL WALKER, Appellant. [842 NYS2d 732]—Appeal by the defendant from an amended judgment of the County Court, Westchester County (Zambelli, J.), rendered February 4, 2003, revoking a sentence of probation previously imposed by the same court upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree.

Ordered that the amended judgment is affirmed.

The defendant's current contentions relating to his claim of ineffective assistance of counsel were raised on a prior appeal and rejected on the ground that they were without merit (*see People v Walker*, 16 AD3d 604 [2005]). The defendant may not now raise them under the guise that they are part of his challenge to the sentence imposed on the violation of probation. Moreover, the sentence imposed by the amended judgment on the violation of probation was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAWN WALKER, Appellant. [842 NYS2d 731]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGuire, J.), rendered June 8, 2005, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Schmidt, J.P., Santucci, Florio and Dillon, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETTE WILKINSON, Appellant. [844 NYS2d 162]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (DiMango, J.), imposed March 31, 2006, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Spolzino, Florio, Covello and Dickerson, JJ., concur.