■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE FORDE, Appellant. [990 NYS2d 637]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered January 6, 2012, convicting him of manslaughter in the first degree, assault in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant fired four shots while standing near a basketball court in a park in Brooklyn, where a basketball tournament was taking place. The gun he fired was handed to him by codefendant Bryant Gibbs, who urged him to shoot at another individual who was among the crowd of people present at the park. The shots fired by the defendant missed that individual, but hit three bystanders. One person was killed, and the other two were injured, but survived. The defendant and codefendant were arrested and tried jointly, before separate juries. The defendant's jury found him guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), assault in the first degree (Penal Law § 120.10 [1]), and assault in the second degree (Penal Law § 120.05 [2]). The codefendant's jury found him guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) (see People v Gibbs, 120 AD3d 510 [2014] [decided herewith]).

As relevant here, a person is guilty of manslaughter in the first degree when, "[w]ith intent to cause serious physical injury to another person, he [or she] causes the death of such person or of a third person" (Penal Law § 125.20 [1]). "A person is guilty of assault in the first degree when: [w]ith intent to cause serious physical injury to another person, he [or she] causes such injury to such person or to a third person by means of a deadly weapon" (Penal Law § 120.10 [1]). "A person is guilty of assault in the second degree when: [w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person or to a third person by means of a deadly weapon" (Penal Law § 120.05 [2]).

"A person acts intentionally with respect to a result . . . when his [or her] conscious objective is to cause such result or to engage in such conduct" (Penal Law § 15.05 [1]). Intent may be inferred from conduct as well as the surrounding circumstances (see People v Steinberg, 79 NY2d 673, 682 [1992]; People v Alexander, 50 AD3d 816, 817 [2008]).

Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). We

accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see id.* at 644). Contrary to the defendant's contention, the evidence supported the jury's implicit finding that, with respect to the convictions of manslaughter in the first degree, assault in the first degree, and assault in the second degree, the defendant acted with the requisite intent. Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.