THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT GIBBS, Appellant. [989 NYS2d 904]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered January 5, 2012, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he was deprived of a fair trial by the Supreme Court's grant of the People's request to hold an independent source hearing after jury selection. Although the defendant had a right to a determination of a pretrial motion prior to the commencement of trial (*see* CPL 710.40 [3]), he waived this right by consenting to the court's deviation from the statutory procedure (*see People v Yousef,* 236 AD2d 868, 869 [1997]; *People v Ramirez,* 229 AD2d 452, 452 [1996]; *People v Orkabi,* 160 AD2d 644, 645 [1990]).

Upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court did not improperly sentence him based on the offenses of which his codefendant was convicted (*see People v McGrath,* 20 AD3d 574, 575 [2005]; *see also People v Forde,* 120 AD3d 509 [2014] [decided herewith]). Moreover, the sentence imposed was not improper merely because it exceeded a pretrial plea offer (*see People v Johnson,* 76 AD3d 1103, 1104-1105 [2010]), and the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Hall, J.P., Roman, Duffy and LaSalle, JJ., concur.