■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN DEGRAFFENREID, Appellant. [29 NYS3d 301]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered January 12, 2012, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 18 years, affirmed. Order (same court and Justice), entered August 18, 2014, which denied defendant's CPL 440.10 motion to vacate the judgment, affirmed.

The verdict was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348 [2007]). The evidence showed that defendant joined with two other men to savagely attack the victim, who ultimately died. Defendant, after throwing the first punch, then grabbed, held and continued to hit the victim, while his codefendant repeatedly hit the victim on the head with a tire iron. The victim suffered numerous serious injuries, including a skull fracture, with fragments of bone lodging in his brain. Under these circumstances, defendant's intent to inflict serious physical injury is readily inferred (see *People v Forde*, 120 AD3d 509 [2d Dept 2014], *lv denied* 24 NY3d 1043 [2014]; *People v Nicholson*, 97 AD3d 968 [3d Dept 2012], *lv denied* 19 NY3d 1104 [2012]). The fact that defendant only used his fists, or that he was not the one actually wielding the tire iron, or even that he may not have known in advance that his codefendant would use the tire iron to seriously injure the victim is of no moment in this case. The evidence, establish-

ing that even after his codefendant began assaulting the victim with a tire iron defendant continued to participate in the assault, is sufficient to support a conclusion that defendant shared the requisite intent with his codefendant to commit the crime (*Matter of Tatiana N.*, 73 AD3d 186, 191 [1st Dept 2010]).

Defendant's failure to raise any challenge to the court's charge regarding causation of death at a time when the court could have easily rephrased the instruction renders it unpreserved, and we decline to review it in the interests of justice. Were we to consider the charge, viewed as a whole, we would find that it was proper (*People v Castillo*, 138 AD3d 448 [1st Dept 2016] [decided simultaneously herewith]). Defendant's argument that the prosecutor engaged in a pattern of improper remarks which deprived him of a fair trial is similarly unpreserved and we decline to review it in the interests of justice. Alternatively we hold that the prosecutor's remarks neither prejudiced defendant nor deprived him of a fair trial (*id.*). We also find that defendant's argument that he should have been tried separately from his codefendant is unpreserved and we decline to review it in the interest of justice. Alternatively, we hold that it lacks merit because the defenses raised by each defendant were not so irreconcilable as to require severance. Judicial economy warranted a joint trial in this case where the People were relying on substantially the same evidence to convict each of the defendants (*id.*).

We find that the trial court properly denied defendant's motion based on claimed ineffective assistance of trial counsel (*Strickland v Washington*, 466 US 668 [1984]; *People v Caban*, 5 NY3d 143, 152 [2005]). Counsel pursued a defense that defendant did not have a shared intent with his codefendant to inflict serious physical injury on the victim. Defense counsel admitted that although he reviewed a video recording made 11 minutes before the attack, he did not review it in slow motion. Defendant argues that in slow motion the video clearly shows the codefendant possessing the tire iron that inflicted the fatal blow to the victim while in the company of defendant, thereby negating his defense. While the video evidence bears upon the defense, we do not need to decide whether, under the circumstances of this case, defense counsel should have viewed the video in slow motion. Defendant's intent was established by evidence that he participated in the assault after his codefendant actually struck the victim with the tire iron. Consequently, any issue about how long before the assault defendant knew about the tire iron is largely irrelevant. Under the circumstances, error by defense counsel, if any, was not so egregious

and prejudicial as to compromise defendant's right to a fair trial (*see People v Cyrus*, 48 AD3d 150 [1st Dept 2007], *lv denied* 10 NY3d 763 [2008]).

Finally, we perceive no basis for reducing the sentence. Concur—Mazzarelli, Richter and Gische, JJ.

Tom, J.P., dissents in a memorandum as follows: For the reasons articulated in my dissent in *People v Castillo* (138 AD3d 448 [1st Dept 2016] [decided simultaneously herewith]), which involves a jointly tried codefendant, I would reverse the judgment and remand the matter for a new trial.