People v Almonte (2018 NY Slip Op 02901)





People v Almonte


2018 NY Slip Op 02901


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Mazzarelli, J.P., Kapnick, Kahn, Kern, Singh, JJ.


6392 923/12

[*1]The People of the State of New York, Respondent,
v
Emmanuel Almonte, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (David Crow of counsel), and Davis Polk & Wardwell LLP, New York (Stephen J. Yanni of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Andrew J. Zapata of counsel), for respondent.



Judgment, Supreme Court, Bronx County (James M. Kindler, J.), rendered August 2, 2013, convicting defendant, after a jury trial, of robbery in the second degree (two counts), attempted assault in the first degree and assault in the second degree, and sentencing him to an aggregate term of five years, unanimously affirmed.
The court properly admitted a 911 phone call between the victim and a 911 dispatcher under the excited utterance exception to the hearsay rule (see People v Johnson, 1 NY3d 302, 306 [2003]; People v Vasquez, 88 NY2d 561, 579 [1996]). The victim's statements were made within minutes after he was attacked. The record indicates that he was still under the influence of the stress of the incident despite the lapse of time (see People v Brown, 70 NY2d 513, 520-522 [1987]), and that his statements were spontaneous and trustworthy, and not the product of reflection or possible fabrication. In any event, any error was harmless. The victim testified at trial, and "prior consistent statements are notably less prejudicial to the opposing party than other forms of hearsay, since by definition the maker of the statement has said the same thing in court as out of it, and so credibility can be tested through cross-examination" (People v Ludwig, 24 NY3d 221, 230 [2014]).
Defendant failed to preserve the specific legal sufficiency claim he raises on appeal regarding his attempted assault conviction, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supported the jury's finding that defendant shared his codefendant's intent to cause serious physical injury to the victim (see People v Degraffenreid, 138 AD3d 456, 456-457 [1st Dept 2016], affd 29 NY3d 935 [2017]; Matter of Tatiana N., 73 AD3d 186, 191 [1st Dept 2010]).
The court properly denied defendant's request to submit third-degree assault as a lesser included offense of second-degree assault. There was no reasonable view of the evidence, viewed most favorably to defendant, that the injury at issue was inflicted without the use of a deadly weapon or a dangerous instrument.
In imposing sentence, the court providently exercised its discretion in taking into consideration the fact that defendant absconded during trial. The court had no obligation to warn defendant that commission of a new criminal act (in this case bail jumping) would adversely [*2]affect his sentence upon conviction after trial; defendant's citation to cases involving conditions of negotiated pleas is misplaced. We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK