People v Sutton (2019 NY Slip Op 05590)





People v Sutton


2019 NY Slip Op 05590


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

108638

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MARQUISE L. SUTTON, Appellant.

Calendar Date: June 5, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Bruce Evans Knoll, Albany, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Jordan J. Yorke of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered May 23, 2016, upon a verdict convicting defendant of the crime of manslaughter in the first degree.
In December 2015, based upon allegations that he shot the victim in the abdomen, thereby causing the victim's death, defendant was charged by indictment with manslaughter in the first degree. Following a jury trial, defendant was convicted as charged and sentenced to 25 years in prison, followed by five years of postrelease supervision. Defendant appeals, and we affirm.
Defendant contends that the verdict was not supported by legally sufficient evidence and was against the weight of the evidence because the People failed to prove that he was the shooter or that he had the requisite intent for a conviction of manslaughter in the first degree. Initially, defendant's legal sufficiency argument is unpreserved for our review because he did not renew his challenge to the legal sufficiency of the evidence at the close of his proof (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v Lane, 7 NY3d 888, 889 [2006]). Nevertheless, in the course of reviewing defendant's weight of the evidence argument, we necessarily determine whether the elements of manslaughter in the first degree were proven beyond a reasonable doubt (see People v Vega, 170 AD3d 1266, 1267 [2019]; People v Martinez, 166 AD3d 1292, 1293 [2018], lv denied 32 NY3d 1207 [2019]). As relevant here, a conviction for manslaughter in the first degree requires proof that, "[w]ith intent to cause serious physical injury to another person, [a defendant] cause[d] the death of such person or of a third person" (Penal Law § 125.20 [1]). A "defendant's intent may be inferred from his [or her] actions and the surrounding circumstances" (People v Molina, 79 AD3d 1371, 1376 [2010], lv denied 16 NY3d 861 [2011]; see People v Rivers, 152 AD3d 1054, 1056 [2017], lv denied 30 NY3d 1063 [2017]).
The undisputed evidence, including text messages sent and received by defendant, established that defendant accompanied Alicia Haskins to the victim's home when she went to [*2]pick up her children from their parenting time with the victim. The testimony revealed that custody exchanges between Haskins and the victim had been contentious in the past and that, to help facilitate an amicable exchange, the victim's cousin was also present for the exchange. By all accounts, a verbal argument ensued between Haskins and the victim, as well as the victim's father and the father's girlfriend, and the argument escalated into a physical altercation outside of the victim's home. The victim's cousin testified that, as she was putting the children in the car, she saw the victim's father holding Haskins down on the ground while the father's girlfriend stomped on Haskins. The victim's cousin testified that she thereafter heard a car door slam, followed by a gunshot. Several eyewitnesses testified to looking in the direction of the gunshot and seeing defendant standing outside of Haskin's car. The victim's father specifically testified that he saw defendant standing with his arm outstretched in front of him, holding a gun.
The evidence also demonstrated that defendant left the scene on foot after the shooting and that he thereafter sent several text messages indicating that he was in trouble and needed to disappear. As further established by the evidence, Haskins placed a recorded telephone call to defendant, during which he acknowledged his presence at the scene and made several other potentially inculpatory comments. Furthermore, Haskins testified that, prior to arriving at the victim's home, she drove defendant to a house to pick up his "joint," which she understood to mean a gun. Although the firearm was never recovered, a shell casing and projectile belonging to a .40 caliber Smith and Wesson pistol were found at the scene, and the medical evidence established that the victim died of massive blood loss resulting from a gunshot wound. In our view, given all of the evidence, including defense testimony that there was another unidentified man present at the scene, it would not have been unreasonable for the jury to have acquitted defendant of manslaughter in the first degree. However, the jury clearly credited the People's evidence, determined that defendant was the shooter and found that, by shooting at the group engaged in the physical altercation, defendant acted with the requisite intent (see People v Forde, 120 AD3d 509, 509 [2014], lv denied 24 NY3d 1043 [2014]; People v Hernandez, 233 AD2d 273, 274 [1996], lv denied 89 NY2d 986 [1997]). Viewing the evidence in a neutral light and according deference to the jury's credibility determinations (see People v Babcock, 152 AD3d 962, 967 [2017], lv denied 30 NY3d 947 [2017]), we find that the weight of the evidence amply supports the jury's guilty verdict (see People v Garland, 155 AD3d 527, 528-529 [2017], affd 32 NY3d 1094 [2018]; People v Forde, 120 AD3d at 509; People v Hernandez, 233 AD2d at 274).
Defendant also argues that the integrity of the grand jury proceeding was impaired by the manner in which the prosecutor presented the case, by allegedly incomplete and/or inadequate instructions and by certain prejudicial witness testimony. Initially, defendant's challenge to the legal sufficiency of the grand jury evidence is precluded by our finding that his conviction was not against the weight of the evidence and, thus, was "necessarily founded upon legally sufficient evidence" (People v Gaston, 147 AD3d 1219, 1220 n 2 [2017]; see CPL 210.30 [6]). As to defendant's remaining challenges to the grand jury proceedings, he did not raise such arguments in his motion to dismiss the indictment and, thus, they are unpreserved (see CPL 210.20 [3]; People v Brandon, 133 AD3d 901, 902 [2015], lvs denied 27 NY3d 992, 1000 [2016]).
Defendant's remaining arguments require little discussion. Defendant failed to preserve his arguments that County Court erred in not giving a circumstantial evidence charge, allowing improper bolstering of evidence and admitting certain evidence without proper authentication or foundation (see CPL 470.05 [2]; People v Rashid, 166 AD3d 1382, 1385 [2018], lv denied 32 NY3d 1208 [2019]; People v Ash, 162 AD3d 1318, 1322 [2018], lv denied 32 NY3d 1002 [2018]). Nevertheless, were these issues properly before us, we would find each one to be without merit. Finally, upon our review of the record, we are satisfied that defendant received meaningful representation (see People v Henry, 95 NY2d 563, 566 [2000]; People v Benevento, 91 NY2d 708, 712 [1998]).
Lynch, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.