People v Liyao Chen (2021 NY Slip Op 07551)





People v Liyao Chen


2021 NY Slip Op 07551


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2012-08651
 (Ind. No. 10278/11)

[*1]The People of the State of New York, respondent,
v
Liyao Chen, appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.
Andrea G. Hirsch, P.C., New York, NY, for appellant.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered August 24, 2012, convicting him of assault in the first degree, gang assault in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On January 23, 2011, the defendant was one of a group of five men who attacked the two complainants as they were walking in the Sunset Park neighborhood of Brooklyn. During the attack, the male complainant was punched, kicked, and repeatedly stabbed while the female complainant was also punched about the head and body and stabbed once in the leg. Shortly thereafter, the defendant and three of the other four perpetrators were apprehended a few blocks away, having been identified by the female complainant as the assailants.
The defendant's claim of ineffective assistance of counsel is based on matter outside the record. Since this claim cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Martinez-Galdamez, 193 AD3d 764, 765; People v Pelzer, 189 AD3d 1268, 1268-1269).
The defendant's contention that the evidence was legally insufficient to prove his guilt of assault in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Jaber, 172 AD3d 1227, 1228). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of assault in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
A person is guilty of assault in the second degree when, "with intent to cause physical injury to another person, he causes such injury to such person or to a third person" (Penal Law § 120.05[2]). Physical injury is defined as "impairment of physical condition or substantial pain" (id. § 10.00[9]). Here, the female complainant testified at the trial that she was taken to the hospital, where she received stitches. She explained that, as a result of the injury, she was in pain for two or three days, limped for a couple of days, and it was hard for her to take a shower. In addition to the complainant's testimony, photographs were admitted into evidence without objection demonstrating not only that she received stitches in the emergency room on January 23, 2011, but that she still had a scar on the day she testified. Under these circumstances, the evidence established both the impairment of the complainant's physical condition (see People v Clarke, 157 AD3d 616, 617; People v Palmer, 34 AD3d 701) and that she suffered substantial pain (see People v Chiddick, 8 NY3d 445, 447-448).
"With respect to the element of intent, '[a] person acts intentionally with respect to a result . . . when his [or her] conscious objective is to cause such result or to engage in such conduct'" (People v Jaber, 172 AD3d at 1229, quoting Penal Law § 15.05[1]). "Intent can be inferred from the act itself" (People v Bracey, 41 NY2d 296, 301) as well as from the defendant's conduct and the surrounding circumstances (see People v Jaber, 172 AD3d at 1229; People v Forde, 120 AD3d 509). Here, contrary to the defendant's contention, the evidence entitled the jury to reasonably infer that the defendant acted with the requisite intent to support the conviction of assault in the second degree (see People v Forde, 120 AD3d at 510).
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court