OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant contends that his motion for dismissal of the assault, second degree, charge should have been granted because the People failed to prove that the victim suffered “substantial pain” within the meaning of subdivision 9 of section 10.00 and subdivision 2 of section 120.05 of the Penal Law. The People rejoin that they are only required to prove that there was more than a technical battery and that, in any event, infliction of an injury by gunshot is sufficient.
The latter argument overlooks the fact that each of the sections defining assault requires “physical injury” or “serious physical injury,” but increases the degree of the crime, and thus the punishment, depending upon whether an instrument was used and if so what kind. That the injury is by gunshot cannot, therefore, establish substantial pain, without more.
We agree with the courts below, however, that the evidence was sufficient to sustain the charge. Whether the “substantial pain” necessary to establish an assault charge has been proved is generally a question for the trier of fact (Matter of Philip A., 49 NY2d 198, 200). Where, as here, there is testimony that the bullet caused a laceration of the victim’s back 1.5 inches in length, the result of which was still visible at the time of trial, that the victim returned to the hospital the day after the assault where the wound was redressed because it was oozing, and the doctor testified that the injury could have caused pain, the jury could infer that the pain was substantial, even though the victim gave no testimony concerning the degree of pain he felt. The subjective reaction of the victim is but one factor for the *728 jury to consider (Matter of Philip A., supra). People v Jimenez (55 NY2d 895), on which defendant relies, is distinguishable, there having been no testimony in that case that the much smaller cut there involved left any mark on the skin or required medical treatment.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.