■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered October 7, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress certain statements.

Ordered that the judgment is affirmed.

The hearing court properly determined that both the statements made by the dying victim to his mother and uncle within four minutes of having been shot three times and those made to a police officer at the hospital within 30 minutes of the incident, which implicated the defendant in the shooting, were admissible as spontaneous declarations or excited utterances. The circumstances surrounding the victim's declarations reasonably justify the conclusion that they were uttered while the victim remained under the influence of the stress and excitement precipitated by the shooting and were not made "under the impetus of studied reflection" *(People v Edwards,* 47 NY2d 493, 497).

While the second set of statements made to the police officer were uttered almost one-half hour after the shooting and in response to questions posed by the officer, the record supports the conclusion that the declarant, who was determined to be in critical condition, suffering from "hemorrhagic shock" and severe pain and whose physical condition was rapidly deteriorating, made them "when emotional excitement continue[d] to dominate and [his] reflective powers [were] still in abeyance" *(People v Edwards, supra,* at p 498; *see, People v Nieves,* 67 NY2d 125, 135; *Matter of Lydia K.,* 112 AD2d 306, *affd* 67 NY2d 681; *People v McCullough,* 73 AD2d 310).

Finally, viewing the evidence in a light most favorable to the People, a rational trier of fact could properly have found

the essential elements of the crime of murder in the second degree beyond a reasonable doubt *(see, Jackson v Virginia,* 443 US 307, 319). Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.