■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL PALESE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered November 21, 1988, convicting him of assault in the second degree (two counts), criminally negligent homicide, and endangering the welfare of a child (two counts), upon a jury verdict, and sentencing him to an indeterminate term of 1⅓ to 4 years imprisonment upon the conviction of criminally negligent homicide, an indeterminate term of 2⅓ to 7 years imprisonment upon each conviction of assault in the second degree, to run consecutive to each other and to the term imposed upon the conviction of criminally negligent homicide, and a determinate term of one year imprisonment upon each conviction of endangering the welfare of a child, to run concurrent with the sentences imposed upon the convictions of assault. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and various statements made by the defendant to law enforcement officials.

Ordered that the judgment is modified by providing that the term of imprisonment imposed for assault in the second degree, under the second count of the indictment, is to run consecutively to the sentence imposed upon the conviction of assault in the second degree under the fourth count of the indictment and concurrent to the other sentences; as so modified, the judgment is affirmed.

The defendant was convicted, *inter alia,* of criminally negligent homicide and assault in the second degree in connection with the death of an 11-month-old child, and was also convicted of assault in the second degree in connection with the beating of an eight-year-old child, both of whom he agreed to watch for a friend. The infant was taken to the hospital by the defendant on September 12, 1986, and subsequently lapsed into a coma and died in November of 1986. The eight-year-old child, the infant's brother, was also examined while at the hospital and was found to have several bruises. After being asked to accompany the police to the precinct to discuss the children's injuries, the defendant signed a written confession admitting that he struck the eight-year-old child several times with a riding crop.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt, as it pertained to the eight-year-old child. In this regard, we note that the jury could have found that a riding crop used to beat a child about the head and legs was a dangerous instrument. Moreover, given the medical testimony, the jury could infer that the pain was "substantial" even though the victim gave no testimony concerning the degree of pain he experienced *(see, People v Rojas,* 61 NY2d 726). Accordingly, there was sufficient evidence to sustain the defendant's conviction on this charge.

However, as the defendant argues, and the People concede, the homicide and assault convictions relating to the infant child arose from a *single act,* and therefore, the sentences imposed for each must run concurrently *(see,* Penal Law § 70.25 [2]). Nevertheless, it was permissible for the court to have ordered the sentence imposed for the assault in the second degree offense pertaining to the eight-year-old child to run consecutively to the homicide and other assault sentence relating to the infant child, which have now been modified to run concurrently with one another.

The defendant has not properly preserved for appellate review the contention that the jury verdict finding him guilty of criminally negligent homicide and assault in the second degree, as these charges related to the infant, was improper as inconsistent.

We note that there was ample evidence contained in the record for the hearing court to have concluded that the defendant knowingly and voluntarily waived his *Miranda* rights and that he knowingly and voluntarily executed a consent to search form authorizing the search which resulted in the confiscation of the riding crop from his home.

We have considered the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.