OPINION OF THE COURT
Philip M. Marshall, J.
The defendant, William Carr, is charged under section 353 of *95 the Agriculture and Markets Law of cruelly beating his dog.[1] Acting contrary to section 353 is a misdemeanor, punishable by imprisonment for not more than one year. The information and two supporting depositions allege that the defendant was observed kicking his dog two or three times and throwing the dog to the ground.
The defendant has moved for dismissal and argues, inter alia, that section 353 is unconstitutionally vague in that it does not give fair notice that certain conduct is forbidden. The District Attorney has opposed the defendant’s motion and cites People v Bunt (118 Misc 2d 904), a decision from the Town of Rhinebeck Justice Court.
In Bunt (supra, at 910), the court found section 353 to be “not well drafted,” but upheld its constitutionality on the basis that the statute “allows sufficient room for application to varied situations.” The “situation” in Bunt concerned allegations of a defendant repeatedly striking his dog in the head and body with a baseball bat, even after the dog was rendered helpless and unable to move.
If one were to accept the rationale in Bunt (supra) and to apply that rationale to the facts before this court, one would have to argue that our State Legislature created a statute that makes it a crime to act in a certain manner toward any animal,[2] yet has chosen not to make it a crime for someone to act in a similar manner toward a human being.
To sustain a charge of misdemeanor assault under section 120.00 of the Penal Law, one of the essential elements that must be proven is “physical injury,” as that term is defined in Penal Law § 10.00 (9). This State’s highest Court has gone so far as to determine that a gunshot injury does not necessarily establish a physical injury. (People v Rojas, 61 NY2d 726 [1984].) Without “physical injury” there is no crime of assault. The shoving, striking, or kicking of a person by another is not a crime, but constitutes harassment, a noncriminal violation. (See, Penal Law § 240.26 [1].) To interpret section 353 of the Agriculture and Markets Law in such a manner that would *96 make this defendant’s alleged conduct criminal is not rational. The Legislature’s intent could not have been to hold a person to a higher standard of conduct with respect to an animal than toward a fellow human being. Thus, this court finds that “physical injury” must necessarily be inferred to be an element which must be alleged and proven to sustain a violation under section 353 as it applies to the accusation against this defendant.
There being no allegations in the accusatory instrument that this defendant attempted to cause or actually caused physical injury to his dog, this court feels that it is required to dismiss the information as being facially insufficient.
The defendant’s alleged conduct, if true, was no less than unjustified, needless, disgraceful and worthy of condemnation. However, this court finds itself reluctantly constrained to interpret section 353 in such a manner as to not be violative of the due process of law as it pertains to this defendant.
The defendant’s motion to dismiss is granted.

. The dog in question, pursuant to an earlier order of this court, has been “adopted” into a new home through the efforts of the Town of Orchard Park Dog Control Warden.

. “Animal,” in the Agriculture and Markets Law, is defined in section 350 to include “every living creature except a human being.” For whatever reason, section 353 thus makes no distinction between acts committed not only against farm animals and pets, but also against insects or even unicellular protozoa.