THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAUREN A. SMITH, Appellant. [821 NYS2d 723]—

Appeal from a judgment of the Oneida County Court (Michael

L. Dwyer, J.), rendered April 20, 2004. The judgment convicted defendant, upon a jury verdict, of attempted murder in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and false personation.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]), assault in the second degree (§ 120.05 [3]), criminal possession of a weapon in the second degree (§ 265.03 [2]), criminal possession of a weapon in the third degree (§ 265.02 [3]), and false personation (§ 190.23). We reject defendant's contention that the evidence is legally insufficient to support the conviction of attempted murder in the first degree (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The People presented evidence establishing that defendant had the specific intent to commit murder and engaged in conduct to carry out that intent, including " 'conduct which tend[ed] to effect the commission of' the crime contemplated" (People v Bracey, 41 NY2d 296, 300 [1977], rearg denied 41 NY2d 1010 [1977]). Defendant pointed a loaded revolver at close range at the chest of a police officer who was pursuing him but, during a struggle between the officer and defendant, the officer grabbed the revolver and thereby prevented defendant from firing it. Defendant's "act need not be 'the final one towards the completion of the offense' . . . , but it must 'carry the project forward within dangerous proximity to the criminal end to be attained' " (id.), and we conclude that the evidence that defendant pointed a loaded revolver at a police officer and engaged in conduct consistent with shooting that revolver is legally sufficient to support the conviction of attempted murder in the first degree (see People v Jing Chen, 217 AD2d 637 [1995]).

Defendant failed to preserve for our review his contention that the jury charge with respect to criminal possession of a weapon in the second degree was misleading, confusing and should have specified that "the defendant was not required to present any evidence in order for the jury to reject the inference" of intent to use the weapon unlawfully (see CPL 470.05 [2]). In any event, that contention is without merit. Penal Law § 265.15 (4) specifies that "[t]he possession by any person of any . . . weapon . . . is presumptive evidence of intent to use the same unlawfully against another." Although a charge that requires a jury to apply the presumption and thereby shifts the

burden of proof to the defendant is unconstitutional (*see Sandstrom v Montana*, 442 US 510, 524 [1979]), here the charge sufficiently conveyed to the jury that "it had a choice as to whether to apply the statutory presumption" (*People v Smith*, 23 AD3d 415, 416 [2005], *lv denied* 6 NY3d 781 [2006]). Thus, we conclude that the charge was proper.

Defendant also failed to preserve for our review his contention that the People failed to establish his knowledge that the revolver was defaced and thus that the evidence is legally insufficient to support the conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (3) (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit. Defendant is correct that, because County Court did not charge the presumption under Penal Law § 265.15 (5), the People were required to present evidence that defendant "knew the weapon had been defaced" (*People v Free*, 233 AD2d 463, 463 [1996]). However, there was no dispute that defendant possessed the defaced revolver on his person and that its condition was visible as he pointed it at the police officer in a shooter's stance. Photographs of the defaced revolver were admitted in evidence, and thus the jury was able to evaluate whether it was possible to possess the revolver without knowledge that its identifying features were illegible. "Generally, possession suffices to permit the inference that the possessor knows what he possesses, especially, but not exclusively, if it is in his [or her] hands" (*People v Reisman*, 29 NY2d 278, 285 [1971], *cert denied* 405 US 1041 [1972]; *see People v Walzer*, 227 AD2d 945, 945-946 [1996], *lv denied* 88 NY2d 1072 [1996]). Moreover, "the recent and exclusive possession of the fruits of any crime warrants the inference of guilt, including . . . knowledgeable possession" (*Reisman*, 29 NY2d at 286). "[I]t makes no significant difference . . . whether knowledge is presumed by statute or inferred by reasoning without the benefit of statutory presumption" (*id.*). Thus, we conclude that the People presented legally sufficient evidence that defendant knew that the revolver in his possession was defaced (*see generally Bleakley*, 69 NY2d at 495).

Finally, the sentence is not unduly harsh or severe. Present—Gorski, J.P., Martoche, Smith and Pine, JJ.