■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BARNES, Appellant. [868 NYS2d 663]—

The court properly exercised its discretion in admitting testimony regarding the contents of a 911 call. There was no violation of defendant's right of confrontation, because the evidence was not offered for its truth (*see Tennessee v Street*, 471 US 409 [1985]), but for the legitimate nonhearsay purpose of completing the narrative and explaining why the police approached and then pursued defendant (*see People v Tosca*, 98 NY2d 660 [2002]; *People v Rivera*, 96 NY2d 749 [2001]; *see also United States v Reyes*, 18 F3d 65, 70-71 [1994]). The primary issue in the case was police credibility, and this testimony was necessary to prevent undue speculation and unfair inferences by the jury. The court appropriately rejected defendant's suggestion that the testimony be limited to the officers' receipt of an unspecified 911 call, since this limitation would have placed a mystery before the jury and invited speculation. Any prejudicial effect was minimized by the court's thorough limiting instructions, which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]).

The court also properly exercised its discretion in denying defendant's request for an adverse inference charge based on the erasure of the 911 tape. There was no bad faith on the part of the People, who made reasonable efforts to obtain the tape before it was erased, there was no prejudice to defendant, who received a copy of the Sprint report of the call, and there is nothing to support defendant's claim that the actual recording would have had any additional exculpatory or impeachment value (*see e.g. People v Diaz*, 47 AD3d 500 [2008], *lv denied* 10 NY3d 861 [2008]). Concur—Andrias, J.P., Saxe, Sweeny, Catterson and Moskowitz, JJ.