THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HIRAM MONSERRATE, Appellant. [934 NYS2d 485]—

Additional evidence adduced by the People included medical evidence of the complainant's facial lacerations and injuries to her left forearm, which consisted of bruises and an abrasion, described as a "skin tear" or a "scrape." The downstairs neighbor testified that she heard a "frantic" ringing of her doorbell three times, after which she heard a loud scream that trailed away; she looked through the peephole and saw the bloody towel on the stair. The complainant testified that, before she entered the apartment, she was drunk but had no injuries to her face or arms. The prosecutor did not ask her to explain how she received the facial injuries while inside the apartment, but elicited testimony that the complainant asked the defendant to call an ambulance after her face was injured; specifically, the complainant testified that the defendant said he would drive her to the hospital, and she left the apartment ahead of him. With regard to the surveillance video, the complainant testified that the defendant was pulling her to take her to the hospital for her own good and was not dragging or hurting her. Testimony of other witnesses established that, although the nearest hospital was approximately one-half mile from the defendant's building, he drove the complainant to a hospital 14 miles away, and instead of driving to the emergency entrance, parked on the street outside the main entrance.

At the close of the evidence, the Supreme Court acquitted the defendant of all charges pertaining to the facial injuries, and found him guilty of one count of assault in the third degree, upon finding that the defendant "recklessly" caused injury to

the complainant by "forcibly dragging her by the arm," and based on the complainant's injuries suffered during the portion of the incident that took place in the common areas of the building. The Supreme Court expressly found that the complainant suffered "substantial pain" and cited various factors in support of that finding, including the complainant's facial expressions and apparent screaming and crying as depicted in the surveillance video, the defendant's "violent and very forceful dragging of the complainant" who "is a woman of slight frame compared to that of the defendant," the complainant's resistance and her apparent attempt to seek help from the neighbor, the bruising and skin tearing on the arm caused by the defendant's actions, and the fact that the defendant dragged her when she was in a "weakened state due to severe facial injuries," which "further inflicted . . . an exacerbation" of those injuries. In addition, the Supreme Court found that the defendant, who was "well known in that community, having served as a public official" there, manifested his concern "to keep . . . things under the radar" by driving the complainant away from that community, choosing not to call the 911 emergency telephone number, and driving the complainant to a distant hospital, where the defendant avoided the emergency entrance. Finally, the Supreme Court declined to credit that portion of the complainant's testimony in which she endeavored to absolve the defendant.

On appeal, the defendant contends that the "physical injury" element of the crime of assault in the third degree was not established by legally sufficient evidence, and that, for the same reason, the verdict on that count was against the weight of the evidence. A person is guilty of assault in the third degree, as defined in Penal Law § 120.00 (2), when he or she "recklessly causes physical injury to another person" (Penal Law § 120.00 [2]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). " '[S]ubstantial pain' cannot be defined precisely, but . . . it is more than slight or trivial pain" and "need not . . . be severe or intense to be substantial" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). "Whether the 'substantial pain' necessary to establish an assault charge has been proved is generally a question for the trier of fact" (*People v Rojas*, 61 NY2d 726, 727 [1984]; *see People v Krotoszynski*, 43 AD3d 450, 452-453 [2007]; *People v Coward*, 100 AD2d 628 [1984]). "The subjective reaction of the victim is but one factor for the [factfinder] to consider," and a finding of substantial pain may be inferred from objective evidence (*People v Rojas*, 61 NY2d at 727-728). Factors to be considered include the nature of the physical injury, the circumstances in which it was inflicted, and the defendant's motive

(*id.*; *see People v Chiddick*, 8 NY3d at 447-448; *People v Gill*, 54 AD3d 965, 966 [2008]).

Here, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish every element of the crime of assault in the third degree, including "physical injury," defined as "substantial pain." Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence presented as to the complainant's weakened state from severe facial injuries, the manner in which the injuries to her arm were inflicted, the defendant's motive as a contributing factor to the degree of force he used and the exacerbation of the complainant's injuries, and the visual depiction of the complainant's facial expressions in reaction to the defendant's acts, provided the factfinder with a sufficient basis to infer that the complainant suffered "substantial pain" (Penal Law § 10.00 [9]; *see People v Henderson*, 92 NY2d 677, 680 [1999]; *People v Rojas*, 61 NY2d at 727; *People v Nelson*, 69 AD3d 762, 763 [2010]; *People v Vasquez*, 297 AD2d 297, 298 [2002]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Lane*, 7 NY3d 888, 890 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.