◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR COOKE, Appellant. [945 NYS2d 563]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered February 10, 2009, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the convictions of assault in

the second degree and robbery in the first degree are not supported by legally sufficient evidence is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt of assault in the second degree and robbery in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, there was sufficient evidence to establish the defendant's identity as the perpetrator and to establish the element of " '[p]hysical injury,' " defined as " 'substantial pain' " (*People v Chiddick*, 8 NY3d 445, 447 [2007], quoting Penal Law § 10.00 [9]; *see People v Monserrate*, 90 AD3d 785, 787-788 [2011]; *People v Rojas*, 61 NY2d 726, 727-728 [1984]; *People v Krotoszynski*, 43 AD3d 450, 452-453 [2007]).

The defendant's contention that certain comments made by the prosecutor during summation deprived him of his right to a fair trial is without merit. Most of the challenged comments constituted fair comment on the evidence, were permissible rhetorical comment, or were responsive to defense counsel's summation (*see People v Gillespie*, 36 AD3d 626, 627 [2007]; *People v McHarris*, 297 AD2d 824, 825 [2002]). To the extent any of the comments were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial and, thus, reversal is not warranted (*see People v Rogers*, 92 AD3d 903 [2012]; *People v Banyan*, 60 AD3d 861 [2009]). Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.