Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered May 6, 2010, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s sole contention on this appeal is that the evidence was legally insufficient to support the finding that the complainant suffered “physical injury,” an element of the crime of assault in the second degree (Penal Law § 120.05 [2]). The necessary element of “ ‘[p]hysical injury’ ” is defined by Penal Law § 10.00 (9) as either the “impairment of physical condition *1230 or substantial pain” (see People v McDowell, 28 NY2d 373, 375 [1971]). “Impairment of physical condition” does not require a victim’s incapacitation (People v Tejeda, 78 NY2d 936, 938 [1991] [internal quotation marks omitted]). “ ‘[Substantial pain’ cannot be defined precisely, but it can be said that it is more than slight or trivial pain,” although “[p]ain need not, however, be severe or intense to be substantial” (People v Chiddick, 8 NY3d 445, 447 [2007]). “Whether the ‘substantial pain’ necessary to establish an assault charge has been proved is generally a question for the trier of fact” (People v Rojas, 61 NY2d 726, 727 [1984]; see Matter of Philip A., 49 NY2d 198, 200 [1980]; People v Monserrate, 90 AD3d 785, 787 [2011]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the element of “physical injury.” The testimony at trial established that the defendant stabbed the complainant with a knife in the left side under his rib cage during an altercation, leaving a penetrative wound of approximately one inch. Shortly thereafter, according to the medical records submitted into evidence, the complainant was taken to the hospital, where, inter alia, he was administered pain medication, underwent laparoscopic surgery under anesthesia to explore the extent of any damage, and his pain level was recorded by hospital staff as reaching as high as a “7” on a scale of 1 to 10. Upon his discharge from the hospital the following day, the complainant was prescribed pain medication. Under these circumstances, there was legally sufficient evidence that the complainant suffered substantial pain and, therefore, sustained a physical injury (see People v Chiddick, 8 NY3d at 446; see also People v Kenner, 77 AD3d 853 [2010]; People v Williams, 69 AD3d 662 [2010]; Matter of Ashley M., 35 AD3d 612 [2006]). Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.