■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL STANBACK, Appellant. [51 NYS3d 201]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered November 13, 2015, convicting him of assault in the second degree and criminal possession of a firearm, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to support the finding that the complainant suffered "physical injury," an element of the crime of assault in the second degree (Penal Law § 120.05 [2]). The necessary element of physical injury is defined by Penal Law § 10.00 (9) as either the impairment of physical condition or substantial pain (*see People v McDowell*, 28 NY2d 373, 375 [1971]). "[I]mpairment of physical condition" does not require a victim's incapacitation

(*People v Tejeda*, 78 NY2d 936, 938 [1991] [internal quotation marks omitted]). " '[S]ubstantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain," although "[p]ain need not . . . be severe or intense to be substantial" (*People v Chiddick*, 8 NY3d 445, 447 [2007]). "Whether the 'substantial pain' necessary to establish an assault charge has been proved is generally a question for the trier of fact" (*People v Rojas*, 61 NY2d 726, 727 [1984]; *see Matter of Philip A.*, 49 NY2d 198, 200 [1980]; *People v Monserrate*, 90 AD3d 785, 787 [2011]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the element of physical injury. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.