People v Chery (2018 NY Slip Op 00305)





People v Chery


2018 NY Slip Op 00305


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2014-04607
 (Ind. No. 4852/13)

[*1]The People of the State of New York, respondent,
v
Franto Chery, appellant.


Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and, Anthea H. Bruffee, and John C. Burzynski and Jeremy Bressman [Sullivan & Cromwell, LLP], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Raymond Guzman, J.), rendered April 23, 2014, convicting him of attempted robbery in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the evidence was legally insufficient to support the finding that the complainant suffered "physical injury," an element of the crimes of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10[2][a]) and assault in the third degree (Penal Law § 120.00[1]). Physical injury is defined as either the impairment of physical condition or substantial pain (see Penal Law § 10.00[9]). "[I]mpairment of physical condition" does not require a victim's incapacitation (People v Tejeda, 78 NY2d 936, 938 [internal quotation marks omitted]). " [S]ubstantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain," although "[p]ain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447). Whether substantial pain has been proven is generally a question for the trier of fact (see People v Rojas, 61 NY2d 726, 727; Matter of Philip A., 49 NY2d 198, 200; People v Monserrate, 90 AD3d 785, 787).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the element of physical injury (see People v Stanback, 149 AD3d 877, 878; People v Carson, 126 AD3d 996, 997; People v Rose, 120 AD3d 593, 594). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court