People v Martinez (2018 NY Slip Op 08692)





People v Martinez


2018 NY Slip Op 08692


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2013-03837
 (Ind. No. 1257/11)

[*1]The People of the State of New York, respondent,
v
Pedro J. Martinez, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Antara D. Kanth of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Modica, J.), rendered March 27, 2013, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Williams, 94 AD3d 779, 780). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the admission into evidence of a 911 call made by a nontestifying witness did not deprive him of his right to a fair trial. The challenged statement, "I think he got a gun on him," was not offered for the truth of the matter asserted, but was properly admitted for the limited purpose of establishing the reasons behind the police officers' actions and to complete the narrative of events leading to the defendant's arrest (see People v Lopez-Miralles, 153 AD3d 936, 936; People v Prince, 128 AD3d 987, 987; People v Barnes, 57 AD3d 289, 290).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit (see People v Hankerson, 149 AD3d 778, 779; People v Callistro, 146 [*2]AD3d 795, 796).
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court