People v Jaber (2019 NY Slip Op 03988)





People v Jaber


2019 NY Slip Op 03988


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2015-03346
 (Ind. No. 3482/12)

[*1]The People of the State of New York, respondent,
v
Omar Jaber, appellant.


Paul Skip Laisure, New York, NY (Jenin Younes of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jodi L. Mandel, and Sullivan & Cromwell LLP [Amanda Shami], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn J. Laporte, J.), rendered March 23, 2015, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
During an altercation, the defendant cut the complainant's hand with a butcher knife. After a jury trial, the defendant was convicted of assault in the second degree and criminal possession of a weapon in the fourth degree.
The defendant's motions for a trial order of dismissal were insufficiently specific to preserve for appellate review the defendant's challenges to the legal sufficiency of the evidence with respect to the count of assault in the second degree (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt of assault in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
A person is guilty of assault in the second degree, as charged in this case, when, "[w]ith intent to cause physical injury to another person, he causes such injury to such person . . . by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05[2]). The term "physical injury," as used in the Penal Law, means "impairment of physical condition or substantial pain" (Penal Law § 10.00[9]). Perhaps most important in determining whether the "substantial pain" necessary to establish an assault charge has been proved "is the injury defendant inflicted, viewed objectively" (People v Chiddick, 8 NY3d 445, 447; see Matter of Philip A., 49 NY2d 198). "The [*2]subjective reaction of the victim is but one factor for the jury to consider," and a finding of substantial pain may be inferred from objective evidence (People v Rojas, 61 NY2d 726, 727-728; see People v Monserrate, 90 AD3d 785, 787), including "the nature of the victim's injury, the way it was inflicted" (People v Vasquez, 297 AD2d 297, 298), whether the victim sought medical assistance, and the extent of medical treatment required (see e.g. People v Brown, 95 AD3d 1229, 1230).
Here, the evidence established that the complainant suffered substantial pain, and thus sustained a physical injury (see People v Chiddick, 8 NY3d at 447). The People's medical expert, who was the attending physician, testified that the complainant was diagnosed with a laceration of the hand that was "deep enough to penetrate into muscle of the hand," that the medical staff had "enough concern about the bleeding" that they asked a hand surgeon to check for arterial injury, and that they performed neurologic and tendon exams to determine whether the complainant's neurologic and tendon functions were intact. The jury was entitled to credit the testimony of the attending physician over that of the defendant's expert, who had never examined the complainant, and who opined that the complainant sustained a one-inch long superficial cut. Since "physical injury" means "impairment of physical condition or substantial pain" (Penal Law § 10.00[9] [emphasis added]), the People, having established the element of substantial pain, were not required to present evidence of impairment.
With respect to the element of intent, "[a] person acts intentionally with respect to a result . . . when his [or her] conscious objective is to cause such result or to engage in such conduct" (Penal Law § 15.05[1]). "[I]ntent can be inferred from the act itself" (People v Bracey, 41 NY2d 296, 301) or from the defendant's conduct and the surrounding circumstances (see People v Steinberg, 79 NY2d 673, 682; People v Carrington, 155 AD3d 888, 889; People v Forde, 120 AD3d 509). Here, although neither of the two eyewitnesses saw the actual stabbing, they observed the escalating conflict between the defendant and the complainant and the events immediately preceding the incident. These events included the defendant grabbing a large butcher knife, jumping over the counter with it, and landing only a few feet from the complainant while holding the knife over the defendant's head. That testimony, together with the recording of the complainant's 911 calls and the severity of the wound, entitled the jury to reasonably infer the defendant's intent to cause physical injury to the complainant. The jury was entitled to credit the testimony of the People's witnesses over the conflicting testimony of the defense witnesses, including the defendant's testimony that he did not intend to stab the complainant, and that the complainant cut himself on the knife when he raised his hand (see People v Braithwaite, 126 AD3d 993, 995; People v Alexander, 50 AD3d 816, 818).
Contrary to the defendant's contention, the complainant's 911 calls were properly admitted into evidence as excited utterances. "A spontaneous declaration or excited utterance— made contemporaneously or immediately after a startling event—which asserts the circumstances of that occasion as observed by the declarant is an exception to the prohibition on hearsay" (People v Cummings, 31 NY3d 204, 209 [internal quotation marks omitted]; see People v Edwards, 47 NY2d 493, 496-497). The determination of admissibility of a statement as an excited utterance is entrusted in the first instance to the trial court, which "must assess not only the nature of the startling event and the amount of time which has elapsed between the occurrence and the statement, but also the activities of the declarant in the interim to ascertain if there was significant opportunity to deviate from the truth" (People v Edwards, 47 NY2d at 497; see People v Cotto, 92 NY2d 68, 79; People v Simpson, 238 AD2d 611, 612). Here, the evidence demonstrated that the 911 calls qualified as excited utterances. First, the nature of the attack on the complainant was the type of startling event that would cause "physical shock or trauma" (People v Vasquez, 88 NY2d 561, 579; see People v Brooks, 71 NY2d 877, 878). Further, the 911 calls were made only approximately five minutes after the event, and in those intervening minutes, the complainant ran across the street from the scene of the incident to his apartment to bandage his wound. Under these circumstances, this short interval of time did not "detract[ ] from [the] spontaneity" of the statements (People v Fratello, 92 NY2d 565, 571 [approximately 10-minute delay between injury and statements]; see People v Cotto, 92 NY2d at 79; People v Brooks, 71 NY2d at 878 [2- to 2½-hour delay]; People v Brown, 70 NY2d 513, 515 [30-minute delay]; People v Simpson, 238 AD2d at 613 [5-minute delay]). As the [*3]defendant acknowledges on appeal, the complainant "sounded worked up and agitated" during the 911 calls, thus demonstrating that "the statements were uttered when emotional excitement continue[d] to dominate" (People v Edwards, 47 NY2d at 498; see People v Brown, 125 AD2d 320, 320, affd 70 NY2d 513).
The defendant's remaining contention, which is based on the concurring opinion in People v Cummings (31 NY3d 204), is without merit (see Jiannaras v Alfant, 124 AD3d 582, 586, affd 27 NY3d 349).
AUSTIN, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court