People v Huddleston (2021 NY Slip Op 04418)





People v Huddleston


2021 NY Slip Op 04418


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


30 KA 17-02231

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADRIAN HUDDLESTON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered November 28, 2017. The judgment convicted defendant upon a jury verdict of burglary in the first degree, assault in the second degree, criminal possession of a weapon in the third degree, aggravated criminal contempt and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury verdict of, inter alia, burglary in the first degree (Penal Law § 140.30 [3]) and assault in the second degree (§ 120.05 [2]), arising out of an incident in which he stabbed his wife (victim). We affirm.
Defendant contends that the evidence is not legally sufficient to support the conviction of burglary in the first degree because the People failed to establish that defendant entered or remained in the dwelling unlawfully. We reject that contention. There was ample evidence from which a jury could find beyond a reasonable doubt that defendant unlawfully entered the dwelling through a bedroom window (see People v Reed, 22 NY3d 530, 534 [2014], rearg denied 23 NY3d 1009 [2014]). Viewing the evidence in light of the elements of burglary in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict with respect to that count is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although the victim, testifying for the defense, stated that she invited defendant into the dwelling, the jury "was entitled to discredit the exculpatory testimony" and credit the contrary testimony of other eyewitnesses (People v Twillie, 155 AD3d 1686, 1687 [4th Dept 2017], lv denied 30 NY3d 1120 [2018]; see People v Robinson, 142 AD3d 1302, 1304 [4th Dept 2016], lv denied 28 NY3d 1126 [2016]; People v Morrison, 48 AD3d 1044, 1045 [4th Dept 2008], lv denied 10 NY3d 867 [2008]).
Defendant also contends that the evidence is not legally sufficient to support the conviction of assault in the second degree because the People failed to establish that the victim sustained a physical injury. We reject that contention. Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). "Of course 'substantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]). "Whether the 'substantial pain' necessary to establish an assault charge has been proved is generally a question for the trier of fact" (People v Rojas, 61 NY2d 726, 727 [1984]). Here, although the victim gave no testimony concerning the degree of pain she felt, the People presented the testimony of the victim's treating physician regarding the painful nature of the injuries. The People also presented photographic evidence depicting the stab wounds and the blood at the scene of the assault. Viewing that evidence in the light most favorable to the People, [*2]we conclude that there is a "valid line of reasoning and permissible inferences" to support the jury's conclusion that the victim experienced substantial pain (People v Williams, 84 NY2d 925, 926 [1994]). Additionally, viewing the evidence in light of the elements of the crime of assault in the second degree as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence with respect to physical injury (see generally Bleakley, 69 NY2d at 495). Although a different verdict would not have been unreasonable, it cannot be said that the jury "failed to give the evidence the weight it should be accorded" (id.).
We reject defendant's further contention that County Court erred in denying his Batson challenge with respect to the prosecutor's exercise of a peremptory strike on a prospective juror. The prosecutor explained that he challenged the prospective juror because, among other things, the prospective juror was not forthcoming about his mother's criminal history. Although defendant contends that the prospective juror was in fact forthcoming, "[t]he court was in the best position to evaluate the demeanor of the prospective juror, the prosecutor, and defense counsel" (People v Herrod, 174 AD3d 1322, 1324 [4th Dept 2019], lv denied 34 NY3d 951 [2019]). "The court's determination whether a proffered race-neutral reason for striking a prospective juror is pretextual is accorded great deference on appeal" (People v Norman, 183 AD3d 1240, 1241 [4th Dept 2020], lv denied 35 NY3d 1047 [2020]; see People v Hecker, 15 NY3d 625, 656 [2010], cert denied 563 US 947 [2011]), and we see no reason to disturb that determination here. Defendant failed to preserve for our review his remaining contentions that the prosecutor's explanations were pretextual (see People v Cole, 179 AD3d 1505, 1506 [4th Dept 2020], lv denied 35 NY3d 1026 [2020]; People v Simmons, 119 AD3d 1343, 1343 [4th Dept 2014], lv denied 24 NY3d 964 [2014], reconsideration denied 24 NY3d 1088 [2014]; People v Holloway, 71 AD3d 1486, 1486-1487 [4th Dept 2010], lv denied 15 NY3d 774 [2010]). In any event, those contentions lack merit.
Contrary to defendant's further contention, the court properly denied defendant's motion to dismiss the indictment on speedy trial grounds (see CPL 30.30). Although the People acquired new DNA evidence from the victim after they stated their readiness for trial, the People could have proceeded to trial without the DNA evidence by presenting the physical evidence and the testimony of eyewitnesses, and thus we conclude that the People's statement of readiness was not illusory (see People v Hewitt, 144 AD3d 1607, 1607-1608 [4th Dept 2016], lv denied 28 NY3d 1185 [2017]; People v Watkins, 17 AD3d 1083, 1083 [4th Dept 2005], lv denied 5 NY3d 771 [2005]).
Finally, the sentence is not unduly harsh or severe.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court