People v Youngberg (2021 NY Slip Op 05598)





People v Youngberg


2021 NY Slip Op 05598


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2016-10944
 (Ind. No. 390/15)

[*1]The People of the State of New York, respondent,
v
James R. Youngberg, appellant.


Geoffrey E. Chanin, Goshen, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Edward T. McLoughlin, J.), rendered September 23, 2016, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal possession of a firearm, menacing in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of assault in the third degree and criminal possession of a weapon in the third degree beyond a reasonable doubt (see People v Stanback, 149 AD3d 877, 878; People v Monserrate, 90 AD3d 785,788; People v Smith, 32 AD3d 1318, 1320). The defendant's contention that his remaining convictions are not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Pearsall, 171 AD3d 1096, 1096), and, in any event, without merit (see People v Argueta, 194 AD3d 857, 858; People v Cruz, 181 AD3d 899, 899; People v Smith, 32 AD3d at 1320). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court erred in admitting into evidence an audio recording of a call made by the complainant's wife to the Middletown Police is without merit. To the extent the defendant contends that the admission of that evidence violated his right to a fair trial, that contention is unpreserved for appellate review and, in any event, without merit. Contrary to the defendant's contention, the court providently exercised its discretion in admitting the audio recording for the nonhearsay purpose of establishing the reasons behind the police officers' actions (see People v Tosca, 98 NY2d 660, 661; People v Martinez, 167 AD3d 941, 942; People v Barnes, 57 AD3d 289, 290).
The defendant contends that the County Court erred in admitting into evidence, over his objection, testimony from one of the People's police witnesses regarding the nature of a radio transmission. However, the defendant's one-word objection failed to preserve for appellate review his challenge to that witness's testimony (see People v Smith, 95 AD3d 1145, 1146). In any event, the court providently exercised its discretion in admitting the officer's testimony regarding the nature of the radio transmission to complete the narrative of events leading to the defendant's arrest (see People v Cullen, 24 NY3d 1014, 1016; People v Arroyo, 128 AD3d 843, 845; People v Weathers, 124 AD3d 702, 703).
The County Court's Sandoval ruling (see People v Sandoval, 34 NY2d 371) was a provident exercise of discretion, as it constituted an appropriate compromise which properly balanced the probative value of the proffered evidence against the prejudice to the defendant (see People v Walker, 141 AD3d 678, 678).
The defendant's contentions regarding the alleged bias or prejudice of the County Court are partly based on matter outside the record. To the extent that those contentions are based on matter outside the record, they are not reviewable on direct appeal from the judgment of conviction (see People v Spencer, 87 AD3d 751, 753). To the extent the defendant's contentions are reviewable, the record indicates that the court did not evince impermissible prejudice or bias against the defendant (see id. at 753).
The defendant's remaining contentions are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction.
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court