People v Jones (2022 NY Slip Op 03946)

People v Jones

2022 NY Slip Op 03946

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

112169
[*1]The People of the State of New York, Respondent,
v
Warren Jones, Appellant.

Calendar Date:April 26, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Mitchell S. Kessler, Cohoes, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered August 12, 2019, convicting defendant following a nonjury trial of the crimes of assault in the second degree, criminal possession of a weapon in the third degree, assault in the third degree and menacing in the third degree.
Defendant was charged in an indictment with assault in the second degree, criminal possession of a weapon in the third degree, assault in the third degree and menacing in the third degree. After a nonjury trial, defendant was convicted of all counts and sentenced to an aggregate prison term of seven years followed by five years of postrelease supervision. Defendant appeals.
Defendant's sole argument on appeal is that the weight of the evidence failed to support either assault conviction because there was insufficient proof that the victim sustained a physical injury due to the attack. "When undertaking a weight of the evidence review, we must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and then, if not, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Dawson, 195 AD3d 1157, 1160 [2021] [internal quotation marks, brackets and citations omitted], affd ___ NY3d ___, 2022 NY Slip Op 02772 [Apr. 26, 2022]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). "Pertinent factors in identifying a physical injury include the injury viewed objectively, the victim's subjective description of the injury and his or her pain, and whether the victim sought medical treatment" (People v Hicks, 128 AD3d 1221, 1222 [2015] [internal quotation marks, brackets and citation omitted], lv denied 26 NY3d 930 [2015]). "To meet the statutory pain threshold, the pain must be 'more than slight or trivial' but need not be 'severe or intense'" (id., quoting People v Chiddick, 8 NY3d 445, 447 [2007]). "Whether the substantial pain necessary to establish an assault charge has been proved is generally a question for the trier of fact" (People v Rojas, 61 NY2d 726, 727 [1984] [internal quotation marks and citation omitted]; accord People v Huddleston, 196 AD3d 1098, 1099 [2021], lv denied 37 NY3d 1060 [2021]).
The charged conduct occurred in the early morning hours on a sidewalk outside a convenience store. Surveillance video shows that, at 2:19 a.m., defendant approached the victim, who was sitting in a doorway, and punched her 11 times. After walking away and then returning to speak with the victim multiple times, defendant was observed on the video at 2:22 a.m. removing an object from his pocket, grabbing the victim's head, and repeatedly swinging the object toward the victim. Although the victim leaned back into the doorway such that most of her [*2]body was not visible on camera, the victim testified that defendant struck her numerous times with a screwdriver in the head and face while telling her that he could kill her.
As a preliminary matter, contrary to defendant's contention, the two assault charges did not both stem from the screwdriver incident. Count three charged defendant with assault in the third degree for causing physical injury at 2:19 a.m., and, as noted above, the video shows defendant punching the victim at that time. Count one, on the other hand, charged defendant with assault in the second degree for causing physical injury with a screwdriver at 2:22 a.m., which is supported by the video.
Turning to the count of assault in the third degree, the video depicted defendant leaning over the seated victim and punching her 11 times in the head. The victim testified that after defendant punched her, she felt pain at a level of 6 on a scale of 1 to 10. In light of the victim's testimony and the reasonable inferences that can be drawn from receiving numerous blows to the head (see People v Sloan, 132 AD3d 593, 593 [2015], lv denied 26 NY3d 1112 [2016]), we are satisfied that the weight of the evidence supports a finding of physical injury based upon substantial pain, i.e., pain that was more than slight or trivial (see People v Fields, 160 AD3d 1116, 1117-1118 [2018], lvs denied 31 NY3d 1116, 1120 [2018]; People v Bombard, 159 AD3d 1119, 1122 [2018], lv denied 31 NY3d 1145 [2018]).
As for the count of assault in the second degree, the victim testified that she sustained a puncture on her eyebrow that hurt, and one on top of her head that "hurt the most." As a result, she sought medical attention, and first responders testified that when they encountered her shortly after the attack, the victim was upset, complaining of pain, had wounds on her face and was covered in dried blood. The victim was later treated at a hospital, where a doctor cleaned the wounds, applied an adhesive to close them, and gave her Tylenol and a tetanus shot. The People introduced into evidence photographs of multiple bloody and bandaged wounds on the victim's forehead. Police officers who responded to the scene observed blood on the ground and saw that defendant had blood on his hands, shirt, pants and shoes. We are again satisfied that a finding of physical injury with respect to this count, based upon substantial pain, was supported by the weight of the evidence (see People v Rose, 120 AD3d 593, 594 [2014], lv denied 24 NY3d 1046 [2014]; People v Stearns, 72 AD3d 1214, 1217 [2010], lv denied 15 NY3d 778 [2010]).
Egan Jr., J.P., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.