People v Goodman (2024 NY Slip Op 00637)

People v Goodman

2024 NY Slip Op 00637

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-06395
 (Ind. No. 603/18)

[*1]The People of the State of New York, respondent,
v
Michael Goodman, appellant. Twyla Carter, New York, NY (Nicholas Raskin of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, Tess Mariel O'Leary, and Joseph DiPietro of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered July 15, 2020, as amended August 5, 2020, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
Contrary to the People's contention, the defendant's argument that the evidence supporting his conviction of assault in the second degree was legally insufficient based on the degree of the complainant's injuries is preserved for appellate review. The defendant was not required to renew his motion to dismiss at the close of his case, since "his case did not supply any additional evidence of guilt" (People v Murray, 163 AD3d 1000, 1001 [internal quotation marks omitted]; see People v Soto, 8 AD3d 683).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt. Contrary to the defendant's contention, the evidence was legally sufficient to establish that the defendant intended to cause physical injury (see People v Liyao Chen, 200 AD3d 1066, 1067). The evidence was also legally sufficient to establish that the defendant caused the complainant substantial pain (see Penal Law §§ 120.05[2]; 10.00[9]; People v Jones, 206 AD3d 1292, 1294; People v Huddleston, 196 AD3d 1098, 1099; People v Brown, 95 AD3d 1229).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court