People v Dore
2026 NY Slip Op 03401
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Javid Dore, Defendant-Appellant.

Decided and Entered: June 02, 2026
Ind No. 02049/13|Appeal No. 6762|Case No. 2018-4817|
Before: Moulton, J.P., Kapnick, GonzáLez, Shulman, Chan, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), and Gibson, Dunn & Crutcher LLP, New York (Jacob U. Arber of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joseph P. Tucker of counsel), for respondent.

[*1]
Judgment, Supreme Court, Bronx County (Alvin Yearwood, J.), rendered June 9, 2015, convicting defendant, after a jury trial, of assault in the third degree, and sentencing him to a jail term of 30 days, followed by three years of probation, unanimously affirmed.
The People presented legally sufficient evidence that the victim suffered a physical injury, and the verdict was not against the weight of the evidence (see Penal Law § 10.00[9]; People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Baque, 43 NY3d 26 [2024]). The victim testified that defendant robbed him of his bag, choked him, punched him repeatedly in the head, cheeks, neck, and shoulder, and kneed him multiple times in the back, causing his entire upper body and neck to feel sore and requiring him to take a course of antibiotics (see People v Henderson, 92 NY2d 677, 680 [1999]). Overall, this was "an experience that would normally be expected to bring with it more than a little pain" (People v Chiddick, 8 NY3d 445, 447 [2007]) and was "more than petty slaps, shoves, kicks, and the like" (People v Martinez, 90 AD3d 409, 410 [1st Dept 2011], lv denied 18 NY3d 960 [2012]). Accordingly, the jury could infer from the victim's testimony that he suffered substantial pain (see People v Rojas, 61 NY2d 726, 727 [1984]) and, from the scar on his arm that remained at the time of trial, that he suffered a physical impairment (see People v Clarke, 157 AD3d 616, 617 [1st Dept 2018], lv denied 31 NY3d 1080 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026